UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN-BASED THERAPIES PRODUCTS LIABILITY LITIGATION | Lead Case No. 13md2452 AJB (MDD) |
| | ORDER GRANTING DEFENDANT MERCK SHARP & DOHME CORP.'S MOTIONS TO STAY CONSIDERATION OF JURISDICTIONAL ISSUES |
| | *Briggs*, Case No. 14cv1677 AJB (MDD) (Doc. No. 18) |
| | *Kelly*, Case No. 14cv2066 AJB (MDD) (Doc. No. 3) |
| | *Johnson*, Case No. 14cv2070 AJB (MDD) (Doc. No. 3) |
| | *Martinez*, Case No. 14cv2071 AJB (MDD) (Doc. No. 3) |
| | *Kreis*, Case No. 14cv2072 AJB (MDD) (Doc. No. 3) |

Presently before the Court are Defendant Merck Sharp and Dohme Corp.'s ("Merck") motions to stay consideration of jurisdictional issues in five separate but substantially similar cases: (1) *Briggs v. McKesson Corp.*, (Case No. 14cv1677); (2) *Kelly v. Amylin Pharmaceuticals, LLC*, (Case No. 14cv2066); (3) *Johnson v. McKesson Corp.*, (Case No. 14cv2070); (4) *Martinez v. Amylin Pharmaceuticals LLC*, (Case No. 14cv2071); and (5) *Kreis v. McKesson Corp.*, (Case No. 14cv2072). Merck filed

identical motions to stay in each case,[1] and the parties' briefs filed in opposition and further support in each case raise identical arguments.[2] Accordingly, the Court considers each of Merck's motions to stay together and issues this order for all five cases.

## I.     BACKGROUND

On September 2, 2014, Merck removed the above cases to this Court asserting that these cases, when considered together, constitute a "mass action" and are thus removable under the Class Action Fairness Act ("CAFA"). (Doc. No. 1 at 1:7-9.) Merck relies on oral representations made by Plaintiffs' counsel at the August 7, 2014, hearing on Plaintiffs' motions to remand[3] to argue the instant actions meet the requirements of a "mass action" under CAFA. (*Id.* at 2:5-9.) Immediately thereafter, on September 3, 2014, Merck filed motions to stay consideration of jurisdictional issues pending the Ninth Circuit's en banc decision in *Romo v. Teva Pharmaceuticals USA, Inc.*, 731 F.3d 918 (9th Cir. 2013), *reh'g en banc granted*, 742 F. 3d 909 (9th Cir. 2014), and *cert. denied*, 134 S. Ct 2872 (U.S. 2014). (Doc. No. 3.) Both Merck's notices of removal, as well as its motions to stay consideration of jurisdictional issues, discuss what constitutes a "mass action" and whether those requirements are met in the cases at issue. Merck argues the issue in *Romo* is whether a request to coordinate the claims of more than 100 plaintiffs named in multiple complaints through a California Judicial Council Coordinated Proceeding ("JCCP") satisfies the "mass action" provision of CAFA. (Doc. No. 3-1 at 1:10-15.) Accordingly, Merck asserts the issue before the Ninth Circuit in *Romo* is relevant to a determination of whether federal jurisdiction exists under CAFA, and thus whether Merck's removal is proper.

---

[1] For the purposes of this order, the Court will cite to the briefs filed in *Kelly*, Case No. 14cv2066, unless otherwise noted.

[2] (*See* Doc. No. 3-1, n.1; Doc. No. 12, n.3.)

[3] Merck previously removed *Kelly v. Amylin Pharmaceuticals, LLC*, *Kreis v. McKesson Corp.*, and *Johnson v. McKesson Corp.* from San Diego County Superior Court. Plaintiffs filed motions to remand in each case, which were granted by the Court on August 8, 2014. (*See* Case No. 13md2452, Doc. No. 544.)

Plaintiffs' oppositions to Merck's motions to stay argue that *Romo* is not applicable to the instant matter. (Doc. No. 9.) Specifically, Plaintiffs contend the "sole disputed issue in *Romo* is whether [P]laintiffs' petition for coordination [in a JCCP] constitutes a proposal to be tried jointly under CAFA." (*Id.* at 4:10-12.) Plaintiffs argue the complaints filed in each case at issue do not seek coordination and that Defendant Eli Lily and Company, not Plaintiffs, filed the original petition for coordination to create the JCCP. (*Id.* at 4:14-18.) Thus, according to Plaintiffs, even if the Ninth Circuit reversed *Romo* en banc, that decision would not govern these cases. (*Id.* at 4:22-23.) Finally, Plaintiffs argue that Merck's basis for asserting the cases at issue constitute a "mass action" under CAFA rests on a "mischaracterization of one statement by Plaintiffs' counsel at oral argument in federal court on Plaintiffs' Motion to Remand." (*Id.* at 5:5-8.)

On September 24, 2014, Merck filed reply briefs in further support of its motions to stay consideration of jurisdictional issues. (Doc. No. 12.) Plaintiffs filed motions to remand each of the cases at issue on October 2, 2014. (Doc. No. 14.)

## II. STANDARD OF REVIEW

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983); *San Diego Padres Baseball P'ship v. United States*, 99-CV-0828 W (LSP), 2001 WL 710601, at * 1 (S.D. Cal. May 10, 2001).

In determining whether a stay is appropriate, the district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. These competing interests include: the possible damage resulting from granting a stay, the hardship or inequity a party may suffer if required to go forward, and the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis,* 299 U.S. at 254-55).

### III.   DISCUSSION

Upon consideration of the above factors, as well as the arguments raised in Merck's notices of removal, subsequent motions to stay, and Plaintiffs' motions to remand, the Court finds a stay is warranted pending the Ninth Circuit's en banc decision in *Romo*.

CAFA extends original jurisdiction of federal courts to include most class actions and mass actions. *See* 28 U.S.C. § 1332 (d). A "mass action" is defined as any civil action "in which the monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(b)(i). *Romo* addressed the issue of whether removal was proper under the mass action provision of CAFA, when plaintiffs moved for coordination pursuant to California Code of Civil Procedure Section 404. *Romo*, 731 F.3d 918. More specifically, *Romo*, considered the "proposed to be tried jointly" requirement of a "mass action" and whether "Plaintiffs' petition for coordination constitutes a proposal to be tried jointly under CAFA." *Id.* at 921. The Ninth Circuit originally held the plaintiffs' petition for coordination did not constitute a "proposal to try claims jointly" and thus removal as a "mass action" under CAFA was improper. *Id.* at 918.

The issues raised by Merck's notices of removal are similar to the issues before the Ninth Circuit in *Romo*. Although Plaintiffs and Merck dispute the basis upon which, if

any, there was a proposal to try claims jointly in the instant matters, the Ninth Circuit's resolution of *Romo* is pertinent to any decision the Court would make regarding Merck's removal.  Further, the applicability of CAFA to the instant matters is relevant not only to Merck's notices of removal, but also to Plaintiffs' pending motions to remand, which challenge Merck's classification of these cases as "mass actions" and the failure of all defendants to join in the notices of removal.[4]  (Doc. No. 14 at 6:7-10.)  Resolution of both issues turns on the applicability of CAFA.  *See* 28 U.S.C. 1453(b) (a case "may be removed by any defendant without the consent of all other defendants"); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Section 1453 of CAFA overrides the judge-created requirement that each defendant consent to removal") (internal citations omitted). Thus, delaying resolution will instruct the Court on application of CAFA to the instant matters and simplify the issues the Court will consider in ruling on Plaintiffs' motions to remand.

The Court also finds no prejudice or harm will result from staying these cases. Three of the cases at issue were originally filed in San Diego Superior Court, removed to federal court, and then remanded back to state court.  Temporarily delaying resolution of jurisdictional issues will ensure that such issues are resolved efficiently and with minimal uncertainty as to whether federal court is the appropriate forum for litigation.  Additionally, all related cases will proceed with discovery on issues of general causation and federal preemption such that no delay will result in the overall progress of the MDL proceedings.  This conclusion is further supported by the fact that the Ninth Circuit has already heard oral argument in *Romo*, thus any delay regarding jurisdictional issues in these particular cases will likely be settled within a reasonable time.  *See Dependable*

---

[4] Plaintiffs' oppositions also argue that Merck's removal of the three cases previously remanded to state court is improper and "akin to an appeal of a remand." (Doc. No. 9 at 3:21-22.)  Merck's removal of the cases currently before the Court is based on entirely different grounds than the Court previously considered and ruled on in its August 8, 2014, remand order.  Accordingly, the Court does not consider Merck's notices of removal statutorily barred by 28 U.S.C. § 1447(d).

*Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)( "[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.") (internal citations omitted).  Accordingly, a stay is appropriate in the instant cases given the similarity of issues before the Ninth Circuit in *Romo*, the lack of prejudice or harm that will result from the stay, and the Court's interest in simplifying questions of law which can result from the stay.

## IV.   CONCLUSION

For the reasons set forth above, the Court stays the following cases pending the Ninth Circuit's decision in *Romo*: (1) *Briggs v. McKesson Corp.*, (Case No., 14cv1677); (2) *Kelly v. Amylin Pharmaceuticals, LLC* (Case No. 14cv2066); (3) *Johnson v. McKesson Corp.*, (Case No. 14cv2070); (4) *Martinez v. Amylin Pharmaceuticals LLC* (Case No. 14cv2071); and (5) *Kreis v. McKesson Corp.*, (Case No. 14cv2072).  The Court will revisit the status of jurisdictional issues at the status conference currently set for December 11, 2014 at 3:00 P.M.

DATED:  October 23, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge